Matter of Matthews v New York City Tr. Auth. (2024 NY Slip Op 01754)

Matter of Matthews v New York City Tr. Auth.

2024 NY Slip Op 01754

Decided on March 28, 2024

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:March 28, 2024

535536
[*1]In the Matter of the Claim of Sheldon Matthews, Appellant,
v
New York City Transit Authority, Respondent. Workers' Compensation Board, Respondent.

Calendar Date:June 7, 2023

Before:Lynch, J.P., Clark, Pritzker, Reynolds Fitzgerald and Fisher, JJ.

Schotter Millican, LLP, Brooklyn (Geoffrey Schotter of counsel), for appellant.
Weiss, Wexler & Wornow, PC, New York City (J. Evan Perigoe of counsel), for New York City Transit Authority, respondent.

Reynolds Fitzgerald, J.
Appeal from a decision of the Workers' Compensation Board, filed November 10, 2021, which ruled that claimant did not sustain a compensable injury and disallowed his claim for workers' compensation benefits.
Claimant, a train conductor for the self-insured employer, filed a claim for workers' compensation benefits alleging that, due to his high risk exposure to COVID-19 and unsafe work environment in which he was not provided adequate personal protective equipment, he developed anxiety and his preexisting psychiatric conditions were exacerbated. Claimant listed March 23, 2020 as the date of onset of the injury/illness, which was the day that he stopped working. The employer controverted the claim on various grounds. Based upon the report of claimant's then-current treating psychologist, a Workers' Compensation Law Judge (hereinafter WCLJ) found prima facie medical evidence of posttraumatic stress disorder and adjustment disorder. Following a hearing at which claimant testified and the submission of medical deposition testimony, the WCLJ disallowed the claim, finding that the stress claimant was under was the same as other similarly situated workers during the pandemic. The Workers' Compensation Board affirmed that determination,[FN1] and claimant appeals.
Among the various arguments advanced, claimant asserts that, in the context of COVID-19, the Board improperly applies a disparate burden to claimants seeking benefits for contracting the virus as compared to those, like him, seeking benefits for psychological injuries stemming from exposure to COVID-19 in the workplace. For the reasons stated in Matter of Anderson v City of Yonkers (___ AD3d ___ [3d Dept 2024] [decided herewith]), we agree. The matter must therefore be remitted to the Board to determine, consistent with the guidance set forth in Matter of Anderson, whether claimant demonstrated "either a specific exposure to COVID-19 or the prevalence of COVID-19 in [his] work environment so as to present an elevated risk of exposure constituting an extraordinary event" and, if so, whether a causal connection exists between the alleged injury and the workplace accident (id. at ___). Claimant's remaining contentions have either been rendered academic in light of our determination or have been reviewed and found to be lacking in merit.
Lynch, J.P., Clark, Pritzker and Fisher, JJ., concur.
ORDERED that the decision is reversed, without costs, and matter remitted to the Workers' Compensation Board for further proceedings not inconsistent with this Court's decision.

Footnotes

Footnote 1: The Board rescinded the WCLJ's finding to the extent that it was premised on a determination that claimant was an "essential worker," finding that it had no bearing on his claim for workers' compensation benefits.